UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00146-JLS-DFM                                    Date: February 01, 2021
Title: Iradj Forootan v. Smart Disaster Response Technologies, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                 Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 16, 2020, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction.  (OSC, Doc. 23.)  Plaintiff timely responded.[1]  (Response, Doc. 24.)  Plaintiff argues that the Court has subject matter jurisdiction under 28 U.S.C. § 1338 because "[t]his action arises from a conflict between the parties concerning the ownership, transfer and assignment, and respective rights to several federal U.S. patents."  (Response at 3).  Plaintiff also argues that diversity jurisdiction exists under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1338, "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents."  28 U.S.C. § 1338 (2020).  "The Supreme Court and the Federal Circuit have defined 'arising under' such that '[a] claim arises under the patent law if patent law creates the cause of action or is a necessary element of one of the well-pleaded claims.'"  *Applera Corp.--Applied Biosystems Grp. v. Illumina, Inc.*, 282 F. Supp. 2d 1120, 1123 (N.D. Cal. 2003).  Here, Plaintiff's Complaint is devoid of any cause of action created by patent law.  Plaintiff's Complaint pleads two causes of action, (1) breach of contract and (2) declaratory relief, related to Defendants' alleged failure to make payments pursuant to a settlement agreement between the parties.  (Compl., Doc. 1).  Plaintiff seeks to enforce his alleged rights to various patents pursuant to the terms of the settlement agreement, but such claims do not arise under patent law.  *See Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("[T]he question of who owns the patent rights and on what terms typically is a question exclusively for state courts. . . . It is well settled that if

---

[1] Defendant also filed a response.  (Def. Response, Doc. 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00146-JLS-DFM | Date: February 01, 2021 |
| Title: Iradj Forootan v. Smart Disaster Response Technologies, Inc. et al | |

the patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one 'arising under' the patent laws.").

Nor has Plaintiff adequately demonstrated the existence of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff, a citizen of California, has brought suit against Defendants BARATY, a citizen of Canada, and S.D.R.T., a California corporation with its principal place of business in California. (Compl. ¶¶ 12–14). Plaintiff argues that S.D.R.T. does not destroy diversity of citizenship because it is an "inactive or dissolved corporation without assets," and therefore its citizenship need not be considered for purposes of diversity jurisdiction. (Response at 5, citing *Nickerman v. Remco Hydraulics Inc.*, No. C06-02555SI, 2006 WL 2329516, at *4 (N.D. Cal. Aug. 9, 2006)). However, Plaintiff's Complaint pleads no such facts; Plaintiff's "Jurisdiction and Venue" section of the Complaint addresses only the amount-in-controversy requirement under § 1332(a). (Compl. ¶ 9). Further, Plaintiff elsewhere pleads that "these patents proved to be S.D.R.T.'s primary and most valuable assets." (Compl. ¶ 19).

As the party invoking federal jurisdiction, Plaintiff has the burden of establishing the existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has not discharged that burden. Accordingly, the Court DISMISSES the case WITHOUT PREJUDICE to refiling in state court.

Initials of Deputy Clerk: mku